E-FILED
Thursday, 04 August, 2005  02:48:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| KENNETH HEIMBURGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 04-2132 |
| | ) | |
| CHRISTOPHER J. LUCAS and | ) | |
| THE VILLAGE OF GIFFORD, | ) | |
| | ) | |
| Defendants. | ) | |

### HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMING ON TO BE HEARD on the Motion for HIPAA Qualified Protective Order of Defendants, CHRISTOPHER J. LUCAS and THE VILLAGE OF GIFFORD, the Court finds that good cause exists for the entry of an HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED:

1) All records produced by the parties to this litigation shall be produced subject to the conditions of this order.

2) This order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3) During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of plaintiff's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, appeal

and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protected health information produced pursuant to this HIPAA Qualified Protective Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed by any covered entity or health care provider, party or parties' attorney, without further notice to:

(1) The parties themselves, parties' attorneys, experts, consultants, treating physicians, other health care providers, insurance carriers from whom damages, compensation or indemnity is sought and any entity performing monitoring or adjustment activities on behalf of such insurance carrier and/or their employees, agents or third party administrators for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

(2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this  4th  day of August, 2005.

        **s/Harold A. Baker**
Judge of the United States District Court
Central District of Illinois-Urbana Division


Approved as to form:

| s/ Daniel B. Kennedy | s/ Keith B. Hill |
|---|---|
| Attorney for Plaintiff | Attorney for Defendants |
| Daniel B. Kennedy | Heyl, Royster, Voelker & Allen |
| Attorney at Law | Suite 300 |
| 100 Trade Center Drive Suite 204 | 102 E. Main Street |
| Champaign, IL  61820 | P.O. Box 129 |

(217) 355-1458 Phone  
(217) 355-4964 Fax  

E-mail: dbk1946@yahoo.com

Urbana, IL  61803-0129  
217-344-0060 Phone  
217-344-9295 Fax  
E-mail: khill@hrva.com